[No. A029639. First Dist., Div. Five. June 7, 1985.]

PATRICK C. TAYLOR, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Jose S. Aguilar and Francis E. Fernandez for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Francis Marie Dogan, Deputy Attorneys General, for Real Party in Interest.

OPINION

**HANING, J.**—Petitioner seeks a writ of mandate to require respondent court to grant his motion for appointment of a fingerprint expert to assist in his defense. We conclude he is entitled to this relief.

Petitioner is a criminal defendant charged with a residential burglary. He is represented by Mission Community Legal Defense (MCLD), an organization which provides free legal service for eligible indigent and substantially low income residents of the Mission District in San Francisco.

At his preliminary hearing, the only evidence against petitioner were fingerprints which were lifted from a plate in the burglarized house and matched with petitioner's prints. After the preliminary hearing, petitioner

applied for the court appointment of David Stoney of the Institute of Foren-sic Science as an expert witness on fingerprint analysis. In a declaration supporting the application, petitioner's attorney stated that the cost of Stoney's services, not including testifying at trial, would be approximately $300. Respondent court agreed that the expert was appropriate, but denied the application stating that MCLD should use its own funds or petitioner should apply to the public defender for representation. At a later hearing, testimony revealed that MCLD receives funds from federal sources, but these funds are budgeted by the mayor's office of development which does not permit the use of funds for expert witnesses. At the conclusion of the hearing, respondent court expressed its opinion that the county should not be required to furnish funds to a federally funded agency.[1] According to the court's view, if this places petitioner in a position where he cannot obtain adequate defense, his alternative is to apply to the public defender who can provide a complete and adequate defense.

In *People* v. *Worthy* (1980) 109 Cal.App.3d 514 [167 Cal.Rptr. 402], the court had occasion to consider by what authority a trial court could appoint publicly funded experts to assist in the preparation of the defense of a criminal defendant represented by private pro bono counsel. The court and the parties recognized that neither Evidence Code section 730 which authorizes the court to appoint experts to testify or Penal Code section 987.2 which authorizes the payment of attorney's fees to appointed counsel specifically covered the situation before it. The court, however, held that authority derived from the fact that an indigent criminal defendant is entitled under the federal Constitution to effective assistance of counsel. (*People* v. *Worthy, supra,* at p. 521.) In *Corenevsky* v. *Superior Court* (1984) 36 Cal.3d 307, 318 [204 Cal.Rptr. 165, 682 P.2d 360], the Supreme Court made clear that the right to effective assistance of counsel may afford indigent defendants access to county funds for ancillary services where other funds are not available.

In *Worthy,* the court concluded that the defendant had not made a sufficient showing that the expert assistance requested was necessary to his defense. Here, however, respondent court correctly concluded that the services were necessary. This conclusion is supported by the fact that the fingerprint match was the only evidence against petitioner at the preliminary hearing and, even without the liberality which must be accorded motions

---

[1]The funds for the expert witness will not be paid to a federally funded agency, but to the private expert. Whether he is retained directly by the court on petitioner's behalf or hired by the public defender, the end result is the same: public funds are being utilized to provide a constitutionally mandated adequate defense for an indigent criminal defendant. The only real dispute is which particular public budget must bear the cost in this case.

for pretrial assistance (*Corenevsky* v. *Superior Court, supra,* 36 Cal.3d at p. 320), no other conclusion would be supported by this record.

Respondent court was of the view that the county's duty to provide ancillary services to the indigent criminal defendant was fulfilled by making such services available through representation by the public defender's office. The problem with this position is the resulting interference with the defendant's right to choose his own counsel which has been described as "one of this nation's most fundamental freedoms." (*Maxwell* v. *Superior Court* (1982) 30 Cal.3d 606, 623 [180 Cal.Rptr. 177, 639 P.2d 248, 18 A.L.R.4th 333] [conc. and dis. opn. of Bird, C. J.].) ██ In *Maxwell,* the court reviewed cases which "limit severely the judge's discretion to intrude on defendant's choice of counsel in order to eliminate potential conflicts, ensure adequate representation, or serve judicial convenience" (*id.,* at p. 613) and reiterated its explanation that " ' "once counsel is appointed [or undertakes] to represent an indigent defendant, whether it be the public defender or a volunteer private attorney, the parties enter into an attorney-client relationship which is no less inviolable than if counsel had been retained. To hold otherwise would be to subject that relationship to an unwarranted and invidious discrimination arising merely from the poverty of the accused." ' " (*Id.,* at pp. 614-615.)

██ Real party points out that an indigent defendant does not have the right to insist upon the appointment of a particular attorney. It does not follow, however, that the court's discretion to interfere with counsel already serving is the same as the court's discretion to choose an attorney when requested by an indigent defendant to appoint counsel. Even in the latter situation, the court may abuse its discretion where it ignores the significance of an already established attorney-client relationship. (See, e.g., *Harris* v. *Superior Court* (1977) 19 Cal.3d 786 [140 Cal.Rptr. 318, 567 P.2d 750].) When the defendant is already represented by counsel, the court has no authority based upon its discretion to appoint and, as *Maxwell* illustrates, has severely limited discretion to intrude in the established attorney-client relationship. We conclude that this limited discretion is abused where necessary ancillary services are denied to an indigent defendant; the court may not require defendant to accept the public defender as his counsel.

██ We have reached this conclusion after briefing by the parties and after informing the real party in interest of our intention to proceed by a peremptory writ in the first instance. Such a procedure is proper. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the San Francisco Superior Court to vacate its orders denying petitioner's application for a court

appointed fingerprint expert and to issue a new and different order granting the application.

Low, P. J., and King, J., concurred.